Victor Viruet-Santiago #49332-069
Name and Prisoner/Booking Number

U.S. Penitentiary
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson AZ 85734
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

```
                FILED  ____  LODGED
        ____ RECEIVED  ____  COPY

              MAY 18 2023

        CLERK US DISTRICT COURT
           DISTRICT OF ARIZONA
        BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Victor Viruet-Santiago,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Federal Bureau of Prisons,
(Full Name of Defendant)

(2) _____,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-23-231-TUC-SHR(PSOT)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☑ 28 U.S.C. § 1331; ~~Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).~~
   ☐ Other: _____

2. Institution/city where violation occurred: USP Tucson

Revised 3/11/16

1

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: **Federal Bureau of Prisons**. The first Defendant is employed as: **Federal Agency** (Position and Title) at **USP Tucson** (Institution).

2. Name of second Defendant: _____. The second Defendant is employed as: _____ at _____.

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☑ Yes  ☐ No

2. If yes, how many lawsuits have you filed? **1**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Virvet-Santiago** v. **N/A**
      2. Court and case number: **D-P-R-**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Unk.**

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Violation of the 8th Amendment</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Victor Vinvet-Santiago (hereinafter "Plaintiff") is a federal prisoner serving a sentence of imprisonment in the custody of the Federal Bureau of Prisons (hereinafter "BOP") imposed by the U.S. District Court for the District of Puerto Rico. Plaintiff suffers from severe and chronic opioid addiction. In 2022 the first lawsuit against BOP challenging its treatment of Opioid Addiction was filed in Pinson v. Waite, No. 22-cv-00375-RM (D. Ariz.) and resulted, upon service, (Continued on Page 7)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _____
   _____
   _____

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>No proficiency in English and no assistance is available to utilize administrative remedy program, lack of forms, culture of retaliation at USP Tucson.</u>

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: <u>Reserved for FTCA Claim once exhausted</u>.

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _Reserved_

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

E. **REQUEST FOR RELIEF**

State the relief you are seeking:
1. Injunction requiring BOP to immediately screen and treat plaintiff's OUD with buprenorphine or methadone, and to enjoin BOP use of stigmatizing language/beliefs at USP Tucson in OUD treatment process, enjoining refusal to prescribe methadone at USP Tucson.
2. Award plaintiff costs and fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5-14-23
DATE

SIGNATURE OF PLAINTIFF
Víctor Vicuet-Santiago

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

**ADDITIONAL PAGES**

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Continuation from Page 3:

ia her* immediate placement into the MAT Program treatment. As of Feb. 17, 2023 six inmates at FCC Tucson are receiving MAT; three are prescribed Buprenorphine ("Suboxone"), and three are prescribed Naltrexone ("Vivitrol"). None are provided Methadone.

Opioid Use Disorder is a chronic disease for which medication is an effective treatment in selective patients. BOP is supposed to treat Opioid Use Disorder ("OUD") with counseling, behavioral therapies and medication, providing a whole patient approach to treatment.

Studies show that up to 65% of incarcerated individuals meet the criteria for a substance use disorder and up to one-quarter of these inmates have OUD. Inmates are diagnosed with OUD when they meet at least two out of 11 criteria that indicate significant impairment resulting from opioid use. These criteria are specified by the DSM-5 and include, among others, unsuccessful efforts to control opioid use, craving or urge

---

* - Piason is a transgender woman and thus uses female pronouns.

7

to use opioids and withdrawal. As a result of the First Step Act of 2018 the BOP was obligated to expand OUD treatment services to all BOP institutions. In May 2019, the BOP expanded the scope of OUD treatment to include MAT.

MAT is a treatment for OUD that combines FDA-approved medications with counseling and behavioral therapy. Currently there are three FDA approved medications used in MAT: naltrexone, buprenorphine and methadone. Clinical guidance suggests buprenorphine and methadone be considered for inmates with moderate to severe opioid use disorder. Both medications - suboxone and methadone - require licensing from the DEA and Substance Abuse and Mental Health Services Administration, while Vivitrol can be prescribed by any provider licensed to prescribe medication.

Placement on MAT involves a Psychology screening and Health Services assessment that includes interviews, physical exam, blood and urinalysis testing, infectious disease screening and review of available

8

documents (i.e., Presentence Investigation Report or "PSI").

Once screening is complete, treatment is determined and the selection of an FDA approved medication and method of administration (i.e., pill, strip or injection) is a clinical decision and is highly variable and determined during the initial administration of the medication.

Unfortunately, within the BOP strong biases and stigma attach to both OUD and also Suboxone and methadone. There is ample public evidence that Alkermes Inc. the pharmaceutical giant that manufactures Vivitrol used deceptive marketing targeted to law enforcement officials running prisons and jails to boost sales of Vivitrol by falsely claiming it was more effective than both Suboxone and methadone, more subject to diversion, and labelled Suboxone/methadone avenues to "get high in jail". As a result medical providers at USP Tucson told plaintiff and dozens of other inmates that methadone will never be prescribed outside a Federal Medical Center, and Suboxone only to

9

Inmates in the last 30 days of their own sentence of imprisonment. Plaintiff and others seeking treatment by Suboxone/Methadone are routinely referred to by USP Tucson staff as "junkies" despite BOP's technical/clinical guide published in Feb. 2022 prohibiting such stigmatizing terminology. It states:

"Stigma is one of the biggest barriers to treatment for people with substance use disorders."

OUD is a chronic, relapsing disease, with profound economic, personal and public health consequences. In 2018, 2 million people in the U.S. had OUD. In 2019, 70,630 Americans died from drug overdoses and over 70% (49,860) of those deaths involved opioids. Provisional data from Dec. 2020 shows a 29.4% increase since Dec. 2019 in opioid deaths as synthetic opioids (i.e., fentanyl, fentanyl analogs) increase in the illicit drug supply in the United States.

Plaintiff has submitted verbal and

requests to medical staff at USP Tucson for nearly 6 months, and one year prior at USP Terre Haute, seeking enrollment in MAT for his OUD to no avail. Plaintiff is first of all in a "Healthcare Provider Shortage Area" according to the Health Resources and Services Administration at FCC Tucson. Secondary to that, the MAT Program in the USP Tucson SHU is administered by Dana Marshall, a Lt. Commander in the U.S. Public Health Service stationed at USP Tucson in the role of Nurse Practitioner, and who is NOT licensed to prescribe suboxone nor methadone by DEA or SAMHSA. Plaintiff is due to be released in less than a year and after 25 attempts to obtain Health Services screening for OUD treatment and more than 1,000 inmates seeking screening from one provider fears release followed by opioid overdose and death given the severity of his OUD.